*1074 OPINION.
Smith:
This case is presented to the Board for a decision either (a) on the merits whether the salary disallowances and inventory adjustment, which increased the net income and gave rise to the additional tax, should have been made, or (b) on the application of *1075 the statute of limitations as barring collection of the asserted deficiencies.
In auditing the petitioner’s income and profits-tax returns for the fiscal years ended October 31, 1918, and October 31, 1919, the respondent disallowed the deduction from gross income of $9,280 and $9,700, respectively, for “ salaries of officers.” The petitioner paid salaries to its two principal officers of $25,770 for the earlier year and of $35,000 for the later year. In The Hof Brau Co., 6 B. T. A. 442, we held that $36,000 paid to the same two officers for the year 1920 was not in excess of reasonable compensation for services rendered. We must hold the same with respect to the salaries paid these two officers for the taxable years under review. The contentions of the petitioner upon this point are sustained.
At the close of the fiscal year ended October 31, 1919, the petitioner had on hand wines and liquors which cost it $32,456.02. National prohibition became effective within a few weeks after the close of its fiscal year. Its stock of liquors was badly broken on October 31, 1919, and there was then practically no market for the liquors since they could not be sold for beverage purposes. The evidence indicates that the fair market value of the liquors at the close of its fiscal year was less rather than more than $10,039.80, the amount at which they were inventoried. The market value of the petitioner’s inventory of wines and liquors at the beginning of the fiscal year was in excess of cost. The inventory at the close of the preceding fiscal year was made on the basis of cost. Since cost was, however, lower than the market, the inventory was actually taken on the basis of cost or market, whichever was lower. The same basis was used in valuing inventory at the close of the year. Counsel for the respondent argues that inasmuch as the inventory of liquors had always been made on the basis of cost prior to October 31, 1919, the inventory could not be taken upon the basis of cost or market, whichever was lower at the end of the fiscal year, since the regulations of the Commissioner prior to 1920 did not authorize the taking of inventories on any basis other than cost. There is, however, no basis for this contention. See article 1582 of Treasury Decision 2831, promulgated April 16, 1919. The petitioner’s net income for the fiscal year ended October 31, 1919, was correctly reflected by taking the inventory at cost or market, whichever was lower, at the close of such fiscal year, since that was in effect the basis upon which the' inventory was taken at the beginning of the year. The contention of the petitioner upon this point is sustained.
It is not clear from the pleadings whether the entire deficiencies determined by the respondent are wiped out by the decision of this case upon the merits in favor of the petitioner. The facts upon *1076 which the petitioner bases its contention that the collection of any deficiencies for the fiscal years ended October 31, 1918, and October 31, 1919, are barred are set forth in the findings of fact. From a careful consideration of them we are of the opinion that any deficiencies which may be found for the taxable years are not barred of collection by the statute of limitations.

Judgment will be entered under Rule SO.